UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WILLIAM FRANCIS PAULSON,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA, NINTH JUDICIAL DISTRICT COURT, and COUNTY OF MAHNOMEN,<br><br>Respondents. | Case No. 20-CV-28 (SRN/KMM)<br><br>**REPORT AND RECOMMENDATION** |

---

This action comes before the Court on Petitioner William Francis Paulson's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1 (Petition); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application). For the following reasons, the Court recommends dismissing the Petition without prejudice and denying the IFP Application as moot.

In an order dated March 25, 2020, this Court issued an order requiring Mr. Paulson to submit a filing "showing cause why this Court should not recommend dismissing this action as moot." Order 1, ECF No. 8 (March 2020 Order). Mr. Paulson was given until April 15, 2020, to submit this filing. Mr. Paulson has failed to submit this filing; indeed, he has not communicated with the Court at all since filing the Petition and IFP Application.

The March 2020 Order explained the Court's concern about this action's mootness as follows:

> As the Court understands it, in November 2019, authorities in Minnesota's Mahnomen County charged Mr. Paulson with (1) one count of possessing a firearm (or ammunition) after being convicted of a crime of violence, and (2) one count of fleeing a police officer in a motor vehicle. Paulson filed the Petition in this Court on January 3, 2020. The Petition states that Mr. Paulson challenges his pretrial detention. . . .
>
> It appears that days after filing the Petition, Mr. Paulson entered into a plea agreement in the state-court proceedings. The state-court docket suggests that as part of this agreement, local authorities agreed to dismiss the firearm-possession count, and Mr. Paulson agreed to plead guilty to the fleeing-a-police-officer count. The Mahnomen County District Court sentenced Mr. Paulson on March 3, 2020. Under the sentence—which apparently began on the day of the sentencing hearing—Mr. Paulson is undergoing a three-year term of supervised probation, during which he faces a stayed prison term of 366 days that authorities may impose if he fails to follow his probation conditions.
>
> Given this background, the pretrial detention that Mr. Paulson challenges no longer exists. He is no longer a pretrial detainee: he has entered into a plea agreement, and after sentencing, he is on supervised probation rather than imprisoned in any facility. The Court thus suspects that the Petition is moot. *See, e.g.*, *Krithers v. Wojciechowski*, No. 17-CV-0149 (PJS/SER), 2017 WL 5891729, at *1 (D. Minn. Nov. 28, 2017) ("[B]ecause [the pretrial-detainee] petitioner has now been convicted, his challenge to his pretrial detention is moot." (citing cases)); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once [the pretrial-detainee petitioner] was convicted, the claims concerning his pre-trial confinement became moot." (citing cases)).

Mar. 2020 Order 1–3 (certain citations and footnotes omitted).

Because Mr. Paulson has declined to submit the filing that this Court required, the Court concludes, based on the analysis above, that this case is moot. The Court therefore lacks jurisdiction over this action, and so the Court recommends that it be dismissed

2

without prejudice. The Court further recommends that the IFP Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner William Francis Paulson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** without prejudice for lack of jurisdiction.

2. Mr. Paulson's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, be **DENIED** as moot.

Date: May 22, 2020

s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).